Judge Napton
delivered the opinion of the court.
To this action instituted under the provisions of our act concerning boats and vessels, the defendant pleaded, that subsequently to the lien of the plaintiff a suit was instituted by attachment in Louisiana against the owners, anda judgment obtained against the owners “with privilege on the property attached” that the boat was sold'under.the proceeding and Rogers & Co. became the purchasers.
The only question is, whether this judicial rule in Louisiana divested the plaintiff’s lien. The opinion of this court in the twq cases of steamboat Raritan vs. Smith and Finney, Lee & Co. vs. S. B. Fayette, was based upon principles of public policy and supported by legal analogies. *571 In the latter ease, the sale was made in Illinois under a law somewhat similar to our statute.
It is evident that the judicial rules in maritime proceedings, áre essentially different in their results from an ordinary sale under a'n execution upon a judgment at law. The maritime proceedings alluded to, were strictly in rem, and a sale of the vessel was made for the benefit of all whom it concerned. This is the case under our statute as it now stands. There are obvious reasons which require such sales should convey a clear title, freed from all prior incumbrances, and which have no 'applicability to sales under executions at law, whether the proceedings 'upon which the judgment founded be in rem or in personam or both in <rem and personam.
That a judicial sale of a boat or vessel, under our law as it how stands, or under the law of a sister state of a similar character, would convey a title clear of all prior liens, there can be no question; but if we carry ■the principle further, and hold that a sale in Louisiana.in an ordinary suit by attachment, under laws which make no provision for the application of the proceeds of such sale to the payment of any debt other than one upon which the suit was founded, and in the enforcement of Which the rule was made, we destroy the rights of our citizens who are creditors, without securing any benefit to the purchaser in Louisiana, further than an exemption from such claims as may exist in Missouri. There can be no doubt that in Louisiana such a judicial rule as is setup in the defendant’s special plea, would n-ot divest liens acquired in that State, nor would it divest liens acquired in Kentucky or Ohio. The purchaser would be secure so far as Missouri creditors are concerned, but no further. Oúr citizens would be the only sufferers, and the purchaser would gain nothing except to the extent of the liens acquired here. The principles of international copiety do not inculcate such a sacrifice.
The doctrines of the maritime law in relation to judicial sales of libelled vessels, are an exception to general principles. The exception is founded not only on principles of public policy, but is entirely consistent with the most rigid justice. Such sales are not made for the benefit of any particular creditor, but for the benefit of all persons interested. Provision is made for the distribution of the proceeds, pro rata, among all who will come forward and establish their claims within a specified time. The proceeding is entirely in rem, and all the world are bound by it. But what analogy is there between such a sale as this and an ordinary sale under an ordinary execution. Such executions are solely for the benefit of the party plaintiff, and can only operate upon the title *572 of the party defendant. A sale under these, merely conveys the title of the defendant in the execution.
The liens of strangers are not divested. If it were so, their rights must be divested by a proceeding to which they are not parties, of which they have no notice, and in the benefits of which they could not partid-1 pate if they did have notice.
We do not understand, therefore, that the prior decisions of this court are designed to embrace all judicial sales, but only such as are made here or elsewhere under proceedings analagous to those of courts of admiralty, in which any number of claimants may Unite in libelling a vessel, and in the benefits of which, not only these claimants and all others who choose may participate.
Judgment affirmed.